STATE OF MAINE                                SUPERIOR COURT,
CUMBERLAND, ss                                Civil Action
                                              Docket No. CV-2018- 361

Lynn Lavorgna Landry of          )
Kennebunk, County of York        )
State of Maine                   )
                                 )
        Plaintiff                )
              v.                 )
                                 )
Advanced Home Activities, Inc. of )
Jacksonville, County of Duval,   )
State of Florida                 )            COMPLAINT
                                 )
and                              )
                                 )
Sephora USA, Inc. of San         )
Francisco, County of San Mateo,  )
State of California with a business )
located in South Portland, County )
of Cumberland, State of Maine    )
                                 )
and                              )
                                 )
The Sephora Store at the Maine   )
Mall in South Portland, County of )
Cumberland, State of Maine       )
                                 )
        Defendants               )

   **NOW COMES** the Plaintiff Lynn Lavorgna Landry, by and through undersigned counsel

and respectfully represents the following:

1. The Plaintiff Lynn Lavorgna Landry is now and has been for all times material hereto a

   resident of Kennebunk, York County, Maine.

2. The Defendant Advanced Home Activities, Inc, upon information and belief, is now and

   has been for all times material hereto a corporation with principal location in

   Jacksonville, Duval County, Florida.

1

3. The Defendant Sephora USA, Inc., upon information and belief, is now and has been for all times material hereto a corporation with principal place of business in San Francisco, San Mateo County, California.

4. At the time of the events complained of herein the Defendant Sephora USA, Inc. had a store of the same name located at the Maine Mall in South Portland, Cumberland County.

5. Advanced Home Activities, Inc. manufactures and sells a product known as "Brazilian Peel," a product advertised as an agent that will cleanse, refine and smooth skin without irritation or redness.

6. Sephora, USA Inc. purchases "Brazilian Peel" from Advanced Home Activities, Inc. and then resells the product at its retail stores, including the Sephora USA store located at the Maine Mall in South Portland, Maine.

7. Lynn Lavorgna Landry ("Lynn") obtained a sample package of "Brazilian Peel" from the Sephora USA store at the Maine Mall in South Portland, Maine.

8. At the time of her acquisition she inquired of the employee at the Sephora USA store about the application of the product to her face.

9. The employee, whose name is believed to be Jennifer Rice, was the manager of the Sephora USA store at the Maine Mall.  Ms. Rice demonstrated how to use the product and referred Lynn to the "Brazilian Peel" website for further instruction.

10. Lynn referred to the "Brazilian Peel" website to learn how to apply safely to her face the product known as "Brazilian Peel."

11. Lynn used the "Brazilian Peel" product by applying it as instructed to her face on July 1, 2012.

12. Immediately upon application of the product Lynn's face became hot and she felt as if her skin was burning.

13. Lynn took steps to remove the product as soon as she felt discomfort.

14. The skin on Lynn's face was in fact burned by the application of the "Brazilian Peel."

15. The burns to Lynn's face suffered on July 1, 2012 have caused permanent damage to Lynn's face, leaving discoloration and scarring.

16. Lynn has undergone treatment from dermatologists just shortly after the incident of July 1, 2012.

17. Lynn has incurred medical expenses for the treatment necessitated by the burning of her skin.

18. The discoloration and scarring of Lynn's face is permanent and cannot be remedied.

19. Because of Lynn's skin condition, she cannot ever be in direct sunlight and must take precautions to avoid such exposure.

20. Lynn has suffered emotional distress by feeling embarrassed and self-conscious about her appearance.

21. The injuries suffered by Lynn result from the negligence of the Defendants in manufacturing, distributing and providing a product that can cause skin damage without providing the proper warnings to the consumer.

22. Defendants knew or should have known of the risks presented to an end user of "Brazilian Peel."

## COUNT ONE

## NEGLIGENCE OF ADVANCED HOME ACTIVITIES, INC.

23. Plaintiff repeats the allegations contained in ¶¶ 1-22.

3

24. The Defendant Advanced Home Activities, Inc., as the maker and distributer of "Brazilian Peel" has a duty to insure the product is safe and that the consumer is provided sufficient information and warnings before the product is used.

25. Defendant breached its duty by manufacturing and distributing a product that was in fact not safe for Lynn Lavorgna Landry to use and which did not come with sufficient warnings or instruction about its use.

26. The negligence of Defendant caused the injuries complained of by Lynn Lavorgna Landry.

## COUNT TWO

### NEGLIGENCE OF SEPHORA USA AND THE SEPHORA STORE

27. Plaintiff repeats the allegations contained in ¶¶ 1-26.

28. Sephora USA, Inc and the Sephora Store at the Maine Mall owe a duty of care to customers to assure that the products sold are safe and that sufficient warnings and instructions for use are provided to the customer.

29. Sephora USA and the Sephora Store at the Maine Mall breached that duty of care by providing to Lynn Lavorgna Landry a product, "Brazilian Peel," that was in fact dangerous to her.

30. The product sold was not safe, insufficient instructions for its use were provided and no warnings of potential danger were provided to Lynn.

31. The Defendants' negligence caused the damages complained of by the Plaintiff Lynn Lavorgna Landry.

4

**WHEREFORE,** Plaintiff demands judgment against the Defendants for their negligence which will properly compensate her for the following damages, all of which will be established at trial:

1. The physical damages to Plaintiff's skin, including scarring and discoloration;

2. The cost of medical care for the damage done to Plaintiff's skin;

3. The emotional distress and embarrassment caused by the damage done to Plaintiff's skin;

4. Whatever other relief the Court deems just and appropriate.


Dated: _29 JUNE 2018_                    _____
                                         Martin L Ridge, Bar No. 1422

BEAGLE STEEVES & RIDGE, LLC
10 Moulton Street
Portland, ME 04101
(207) 773-1751
mjr@beagleridge.com
Attorneys for Plaintiff